## CIRCUIT COURT OF THE CITY OF NORFOLK

Melvin Deal

v.

Kathy Bee, Inc.,
t/a Nobby's Two

July 2, 1987

Case No. L85-1829

By JUDGE JOHN W. WINSTON

Alleging that no material fact is genuinely in dispute, based upon the facts set out within Plaintiff's Motion for Judgment, the Defendant moves for Summary Judgment in its favor. In so doing Defendant relies entirely upon the Supreme Court of Virginia's decision in *Williamson v. The Old Brogue, Inc.*, 232 Va. 350 (1986). The Court there held that no common law duty was owed by "an Irish Pub" to a motorist later injured on a public highway by the intoxicated actions of the pub's recent customer and further that no statutory duty owed by the pub in favor of such motorist was created by Virginia Code Section 4-62(1)(c).

Here the facts alleged in the Plaintiff's Motion for Judgment are that he was present as a customer in the Nobby's Two lounge at the same time that one Burnice D. Ratliff was there also as a customer on those premises and that Ratliff viciously assaulted him with a beer mug, causing injuries. Ratliff had earlier consumed a large quantity of alcoholic beverages there which had been continually served him by Defendant's employees, agents and servants after they knew (or should have known) of his intoxicated condition. Furthermore, they knew (or

should have known) that Ratliff was of a vicious, arrogant, and pugnacious nature at the time they permitted him to continue to purchase intoxicating beverages and which resulted in his becoming disorderly and in a crazed condition, leading to the assault.

Assuming the validity of these factual allegations only for the purpose of this Motion for Summary Judgment, the Court finds them distinguishable from *Old Brogue*. For though no statutory duty and obligation was imposed upon Defendant, a common law duty has always existed extending from an innkeeper/tavern operator to its customers to use reasonable care for their safety while they are on its premises. While this duty to use reasonable care is most often spoken of in terms of the physical condition of the premises there is no reason why the condition of fellow customers should not be included within that area of responsibility where it becomes known to the proprietor that one of the guests is getting out of control but nothing is done to correct the situation.

For this reason and in view of the gist of the stated allegations, Defendant's Motion for Summary Judgment will be denied.